UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. **00 - 6132 CR-FERGUSON**

18 USC 1344
18 USC 2

**MAGISTRATE JUDGE**
SNOW

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS COLMENARES and
RICHARD GUTIEREZ,

Defendants.

_____/



INDICTMENT

The Grand Jury charges that

## COUNTS 1-13

From on or about May 1, 2000, up to and including May 3, 2000, at Broward and Palm

Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

### CARLOS COLMENARES and
### RICHARD GUTIEREZ,

devised a scheme and artifice to defraud Wachovia Bank, a financial institution insured by the Federal

Deposit Insurance Corporation, to obtain moneys and funds owned by and under the custody and

control of Wachovia Bank, by means of false and fraudulent pretenses, representations, and promises.

1.    It was part of the scheme and artifice to defraud Wachovia Bank that the defendants



CARLOS COLMENARES and RICHARD GUTIEREZ did by means of false and fraudulent pretenses do the following acts:

2       On or before May 1, 2000, defendants CARLOS COLMENARES and RICHARD GUTIEREZ obtained three Citibank Citicards issued to Jose O. Machado.

3.      Between May 1 and May 2, 2000, RICHARD GUTIEREZ drove CARLOS COLMENARES to various Wachovia Bank locations in Broward and Palm Beach Counties.

4.      Between May 1 and May 2, 2000, CARLOS COLMENARES utilized the Citicards belonging to Jose O. Machado to initiate operation of Wachovia Bank ATM machines and thereafter manipulate the ATM machine whereby no debit to the accounts would be recorded.

5       On or about the dates enumerated as to each count below, in Broward and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendants,

CARLOS COLMENARES and
RICHARD GUTIEREZ,

for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud Wachovia Bank, a financial institution insured by the Federal Deposit Insurance Corporation, knowingly and willfully obtained credits and funds from the Wachovia Bank using Citibank Citicards as specified below:

Execution of the Scheme

| COUNT | DATE | LOCATION | AMOUNT |
|-------|------|----------|--------|
| 1 | 5/01/00 | 4499 N. University Drive, Lauderhill, FL | $1,600.00 |
| 2 | 5/01/00 | 12399 Sheridan Street, Cooper City, FL | $1,720.00 |
| 3 | 5/01/00 | 6600 Taft Street, Hollywood | $1,580.00 |
| 4 | 5/01/00 | 4100 Hollywood Blvd, Hollywood, FL | $1,600.00 |
| 5 | 5/01/00 | 1811 North Young Circle, Hollywood, FL | $2,400.00 |

| 6  | 5/02/00 | 3131 Hallandale Beach Blvd., Pembroke Park, FL | $1,885.00 |
| 7  | 5/02/00 | 12399 Sheridan Street, Cooper City, FL         | $2,400.00 |
| 8  | 5/02/00 | 4100 Hollywood Blvd, Hollywood, FL             | $800.00   |
| 9  | 5/02/00 | 1811 North Young Circle, Hollywood, FL         | $795.00   |
| 10 | 5/02/00 | 6600 Taft Street, Hollywood                    | $800.00   |
| 11 | 5/02/00 | 515 North Flagler Drive, West Palm Beach, FL   | $1,600.00 |
| 12 | 5/02/00 | 515 North Flagler Drive, West Palm Beach, FL   | $2,400.00 |
| 13 | 5/02/00 | 4499 N. University Drive, Lauderhill, FL        | $4,280.00 |

All in violation of Title 18, United States Code, Sections 1344 and 2

A True Bill

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

LYNN D. ROSENTHAL
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**            **CASE NO.** _____

v.                                      **CERTIFICATE OF TRIAL ATTORNEY***
CARLOS COLMENARES, and
RICHARD GUTIERREZ                       **Superseding Case Information**:

**Court Division**: (Select One)        New Defendant(s)      Yes ____   No ____
                                        Number of New Defendants  ____
____ Miami    ____ Key West             Total number of counts    ____
X___ FTL      ____ WPB ____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants,
     the number of probable witnesses and the legal complexities of the Indictment/Information
     attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the
     Judges of this Court in setting their calendars and scheduling criminal trials under the
     mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:        (Yes or No) YES_____
     List language and/or dialect  SPANISH_____

4.   This case will take  _3__  days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                                (Check only one)

I     0 to 5 days        X_____      Petty           _____
II    6 to 10 days       _____     Minor           _____
III   11 to 20 days      _____     Misdem.         _____
IV    21 to 60 days      _____     Felony          X_____
V     61 days and over   _____

6.   Has this case been previously filed in this District Court? (Yes or No)  NO__
If yes:
Judge: _____        Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) YES_____
If yes:
Magistrate Case No.  00-5107-JOHNSON_____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of MAY 4, 2000_____
Defendant(s) in state custody as of _____
Rule 20 from the _____        District of _____

Is this a potential death penalty case? (Yes or No) _____ NO_____

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to
     April 1, 1999? __ Yes _X_ No    If yes, was it pending in the Central Region? ___ Yes __ No

                                        LYNN D. ROSENTHAL
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No. 343226

*Penalty Sheet(s) attached                                    REV 4/7/99

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:  ___RICHARD GUTIEREZ_____ No.: _____

**Count #:1- 13**
 BANK FRAUD_____

Title 18, United States Code, Sections 1344 and 2_____

*Max. Penalty: 30 years' Imprisonment and $1,000,000 fine_____

**Count #:**_____

_____

*Max. Penalty:_____

**Count #:**

_____

*Max. Penalty:_____

**Count #:**

_____

*Max. Penalty:_____

**Count #:**

_____

*Max. Penalty:_____

**Count #:**

_____

*Max. Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,**
**special assessments, parole terms, or forfeitures that may be applicable.**

REV 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name:  ___CARLOS COLMENARES___  No.: _____

**Count #:1- 13**
BANK FRAUD _____

Title 18, United States Code, Sections 1344 and 2 _____

*Max. Penalty: 30 years' Imprisonment and $1,000,000 fine _____

**Count #:** _____


_____

*Max. Penalty: _____

**Count #:** _____


_____

*Max. Penalty: _____

**Count #:** _____


_____

*Max. Penalty: _____

**Count #:** _____


_____

*Max. Penalty: _____

**Count #:** _____


_____

*Max. Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

*No.* FL_04163 _

# UNITED STATES DISTRICT COURT

SOUTHERN _ _ _ _ *District of* ___ FLORIDA _ _

___ FORT LAUDERDALE _ _ _ _ _ _ *Division*

## THE UNITED STATES OF AMERICA

*vs*

CARLOS COLMENARES, and

RICHARD GUTIEREZ

## INDICTMENT

18 U.S.C. 1344
18 U.S.C. 2

*A true bill.*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *Foreman*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ *day.*

*of* _ _ _ _ _ _ _ *A.D 19* _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *Clerk*

*Bail.* $ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-5107-JOHNSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs

CARLOS COLMENARES,

    Defendant.

_____/



## DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on May 11, 2000, a hearing was held to determine whether the Defendant, Carlos Colmenares, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and the safety of any other person and the community. Therefore, it is hereby ordered that the Defendant, Carlos Colmenares, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged with unauthorized use of an access device. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the Defendant is substantial. On January 26, 2000, the United States Secret Service was apprized of an ATM fraud scheme. Unlawful withdrawals were made all over South Florida, New York and New Jersey from federally insured banks. A conspirator advised that a group of Venezuelans were opening accounts for the sole purpose of gaining ATM cards. This Defendant used ATM cards to access the machines and then used pliers and screwdrivers to enter the machine to steal money. This Defendant was spotted by a U.S. Secret Service agent, arrested and confessed. 18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendant are as follows: The Defendant is a Venezuelan national and has lived in Venezuela his whole life. He has no ties to the United States. His parents and siblings reside in Venezuela. He is in good health. He has an outstanding arrest warrant for a Palm Beach fraud case and a Broward County theft case. 18 U.S.C. §3142 (g)(3)(A) and (B).

Based on the Defendant's lack of ties to the United States, the undersigned believes that he would not appear if released on bond prior to trial. 18 U.S.C. § 3142(g)(3)(A) and (B).

4 The Defendant has stolen eight hundred thousand ($800,000) dollars in this scheme and is an economic danger to the community. Accordingly, the Defendant constitutes a danger to other persons or the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142 (e).

2

Based on the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a danger to the community.    Based on the above findings of fact, which were supported by the preponderance of the evidence, the Court has concluded that this Defendant presents a risk of flight.

The Court hereby directs:

1. That the Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 11th day of May, 2000 at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF U.S. MAGISTRATE JUDGE

cc:    Counsel of Record

3

# COURT MINUTES

U.S. MAGISTRATE JUDGE **LINNEA R. JOHNSON** DATE: _5/11/00_     TIME: _10:00 AM_

**DEFT.** _RICHARD GUTIERREZ (J)#53788-004_     **CASE NO.** _00-5107-JOHNSON_
     **Spanish Interpreter needed**
**AUSA.** _LYNN ROSENTHAL_     **ATTY.** _Michael Cohen - temp._

**AGENT.**_____     FRAUD/UNAUTHORIZED ACCESS DEVICE
     **VIOL.** _18:1029_

**PROCEEDING** _REPORT RE:CSL & PTD_     **BOND.** _NO BOND_

**DISPOSITION** _Arraign set 5/18/00 in Ft. Laud (Arraign. next to 5/17/00._

_Michael Bruce Cohen is hereby appointed as_

_counsel of record temporarily to aid defendant._

_Report re counsel, Pretrial Detention and_

_Arraignment set for 5/18/00 in Ft. Laud._

DATE:_____     TAPE: _LRJ-00- 35 3373_

U.S. MAGISTRATE JUDGE **LINNEA R. JOHNSON** DATE: 5/11/00    TIME: 10:00 AM

**DEFT.** CARLOS COLMENARES (J)#53787-004    **CASE NO.** 00-5107-JOHNSON
   *Lothrop Morris for.*    Spanish    *Lea Watts /n*
**AUSA.** LYNN ROSENTHAL    **ATTY.** DARYL WILCOX, AFPD

                                  FRAUD/UNAUTHORIZED ACCESS DEVICE
**AGENT.**_____    **VIOL.** 18:1029 -

**PROCEEDING** PRETRIAL DETENTION    **BOND.** NO BOND

**DISPOSITION** Arraign set 5/18/00 in Ft. Laud *( Arraign cont to 5/17/00. in Ft Laud)*

*Pretrial Detention hearing held*

*Manuel Flores sworn - USSS agent.*

*Court finds defendant is a risk of flight and*
*a danger to community and hereby orders*
*defendant pretrial detained.*

DATE: 5/11/00    TAPE: LRJ-00- 35 - 2514

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-5107-JOHNSON

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS COLMENARES,

Defendant.

_____

## DEFENDANT'S INVOCATION OF RIGHTS TO
## SILENCE AND COUNSEL

The defendant named above does hereby invoke his rights to remain silent and to counsel

with respect to any and all questioning or interrogation, regardless of the subject matter, including,

but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial

release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to

sentencing, enhanced punishments, factors applicable under the United States Sentencing Guidelines,

restitution, immigration status or consequences resulting from arrest or conviction; appeals or other

post-trial proceedings.

The defendant requests that the United States Attorney ensure that this invocation of rights

is honored, by forwarding a copy of it to all law enforcement agents, government officials,

or employees associated with the investigation of any matters relating to the defendant. Any contact

with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:

Daryl E. Wilcox
Assistant
Federal Public Defender
Florida Bar No. 838845
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 5th day

of May, 2000 to the Office of Assistant United States Attorney, Fort Lauderdale, Florida.

Daryl E. Wilcox

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-5107-JOHNSON

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS COLMENARES,

Defendant.

_____

**NOTICE OF ASSIGNMENT**

The above captioned case has been assigned to the Assistant Federal Public Defender

specified below. Please send all notices and inquiries to this attorney at the address listed.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Daryl E. Wilcox
Assistant
Federal Public Defender
Florida Bar No. 838845
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this **5TH**
day of May, 2000 to Office of Assistant United States Attorney, Fort Lauderdale, Florida.

_____

Daryl E. Wilcox



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. OO - 5/07- Johnson

UNITED STATES OF AMERICA,

     Plaintiff,

vs.
Carlos Colmenares
          Defendant.
_____/



### ORDER ON PARTIAL INDIGENCY FOR APPOINTMENT OF
### COUNSEL AND DISTRIBUTION OF AVAILABLE FUNDS

    This Cause having come before the Court on request of the
Defendant for appointment of counsel pursuant to the Criminal
Justice Act, 18 U.S.C. Section 3006A, and the Court having found
after hearing that private funds are available for payment by the
Defendant for partial reimbursement for the cost of such
services, it is hereby,

    **ORDERED AND ADJUDGED** that the above named Defendant shall
pay the sum of __2500__ on or before __6/2/00__ to the Clerk of
Court for deposit in the Treasury as reimbursement to the
appropriation current at the time of payment, pursuant to
18:3006A(f). Unless such payment is made on or before the above
stated date the Court may terminate the appointment of counsel as
the interest of justice may dictate. 18 U.S.C. Section 3006A(c).
It is further **ORDERED** that a status conference on reimbursement
will be held on __6/5/00__ at __10:00__ a.m./p.m.

    **DONE AND ORDERED** at West Palm Beach, Florida, this __4th.__ day
of __MAY__, 2000.

TAPE NO. LRJ-00-32-703

c:AUSA
  Defense Counsel
  Financial Section
  Pretrial Services
  U.S. Marshal

CHIEF U.S. MAGISTRATE JUDGE
LINNEA R. JOHNSON

# COURT MINUTES

U.S. MAGISTRATE JUDGE **LINNEA R. JOHNSON** DATE: 5/4/00     TIME: 10:00 AM

**DEFT.** RICHARD GUTIERREZ (J)                     CASE NO. 00-5107-LRJ
     **(Spanish interp needed)**

**AUSA.** LYNN ROSENTHAL                     ATTY.

                                      FRAUD/UNAUTHORIZED ACCESS DEVICE
**AGENT.**                                VIOL. 18:1029    -

**PROCEEDING** INITIAL                     **BOND.** PTD (GOVT REQ)

**DISPOSITION** Defendant advised of rights.

Government requested Pretrial Detention.

Report re: counsel and PTD set for 5/11/00 in

~~Ft. Laud~~ WPB.

Arraignment set 5/18/00 in Ft. Laud.

_____

_____

_____

_____

_____

_____

_____

DATE: 5/4/00                     TAPE: LRJ-00- 32-904

**COURT MINUTES**

U.S. MAGISTRATE JUDGE **LINNEA R. JOHNSON** DATE: _5/4/00_    TIME: _10:00 AM_

DEFT. _CARLOS COLMENARES (J)_          CASE NO. _00-5107-LRJ_
    **(Spanish interp needed)**

AUSA. _LYNN ROSENTHAL_          ATTY. _Leon Watts, AFPD_

                                FRAUD/UNAUTHORIZED ACCESS DEVICE
AGENT._____          VIOL. _18:1029_

PROCEEDING _INITIAL_          BOND. _PTD (GOVT REQ)_

DISPOSITION _Defendant advised of rights_

_Government requested Pretrial Detention_

_Federal Public Defender appointed. Defendant_

_to pay $2500 in Treasury of Court to defray_

_cost of appointed counsel. Status re: CJa payment_ ~~appointment~~

_set 6/5/00 @ 10 am._

_Pretrial Detention set 5/11/00 in_ ~~Ft. Laud~~ _"FB_

_Arraignment set 5/18/00 in Ft. Laud._

DATE: _5/4/00_          TAPE: _LRJ-00-_ _32-703_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

VS.                          CASE NUMBER ___OC-5107-LRJ___

Carlos Calmaseres
Richard Gutierrez
_____/

**INTERPRETER REQUIRED IN CASE**

LANGUAGE:_____Spanish_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.  00-5107-Johnson

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

Plaintiff,

Language __SPANISH__

Tape No. __LRJ-00 - 32-904__

v.

AUSA __Lynn Rosenthal__

**RICHARD GUTIERREZ,**

Agent _____

Defendant.

_____/

The above-named defendant having been arrested on _____ having appeared before the
court for initial appearance on ___May 4, 2000_____ and proceedings
having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon

**ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record
   Address: _____
   Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court ~~_____~~. on
   ____5/11/00_____, 2000. in Ft. Laud.

4. Arraignment/Preliminary/Removal/Identity hearing is set for ~~10am~~    5/18_____, 2000. in Ft. Laud.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because _____ of Gov't's Request.
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for ~~10am~~  5/11____, 2000 in Ft. Laud.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond,
   pursuant to 18 U.S.C. Section 3142:

   _____
   _____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in
addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.

___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
   other: _____

___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances
   prohibited by law.

___d. Maintain or actively seek full time gainful employment.

___e. Maintain or begin an educational program.

___f. Avoid all contact with victims of or witnesses to the crimes charged.

___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.

___h. Comply with the following curfew: _____

___i. Avoid all commercial transportation facilities, no airports, no marinas, no bus terminals.

___j. Comply with the following additional special conditions of this bond:

_____

_____

    This bond was set: At Arrest _____

                On Warrant _____

                After Hearing _____

    If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forthherein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

      **DONE AND ORDERED** at <u>West Palm Beach, Florida</u>, this <u>4th</u> day of <u>May</u>, 2000.

**CHIEF U.S. MAGISTRATE JUDGE**
LINNEA R. JOHNSON

c: Assistant U.S. Attorney
  Defendant
  Counsel
  U.S. Marshal
  Pretrial Services/Probation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _OO- 5/07- Johnson_

UNITED STATES OF AMERICA

Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language __**SPANISH**__
Tape No. _LRJ-00- 32-703_

v.

AUSA _Lynn   Rosenthal_

**CARLOS COLMENARES,,**
Defendant.

Agent _____

_____/

The above-named defendant having been arrested on _____ having appeared before the
court for initial appearance on ___May 4, 2000_____ and proceedings
having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon

**ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
2. _Federal Public Defender_ appointed as permanent counsel of record.
   Address: ___400 Australian Ave North   W. P.B. FI_
   Zip Code: _33401_ Telephone: _561- 833- 6288_
3. The defendant shall attempt to retain counsel and shall appear before the court at 10.00 A.M. on
   _____, 2000.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am   5/18/00, 2000 in Ft. Laud.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because ____of Gov'ts Request___
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am   5/11/00, 2000 in Ft. Laud.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond,
   pursuant to 18 U.S.C. Section 3142:
   _____
   _____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in
addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
   other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances
   prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities, no airports, no marinas, no bus terminals.

___j. Comply with the following additional special conditions of this bond:

_____

_____

This bond was set: At Arrest _____
On Warrant _____
After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____

_____

_____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forthherein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>West Palm Beach, Florida</u>, this <u>4th</u> day of <u>May</u>_____, 2000.

_____

**CHIEF U.S. MAGISTRATE JUDGE**
LINNEA R. JOHNSON

c: Assistant U.S. Attorney
Defendant
Counsel
U.S. Marshal
Pretrial Services/Probation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                CASE #  _0 - 510 7- 125_

VS.                                     REPORT COMMENCING CRIMINAL ACTION

GUTIERREZ, RICHARD N. PRISONER # _53755 cc4_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
TO CLERK'S OFFICE, UNITED STATES DISTRICT COURT: (CIRCLE ONE)

MIAMI    FT. LAUDERDALE  (WEST PALM BEACH)   FT. PIERCE

(CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATE COURT)
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ALL ITEMS ARE TO BE COMPLETED. INFORMATION NOT APPLICABLE OR
UNKNOWN TO BE INDICATED BY "N/A"

1) DATE AND TIME OF ARREST:  _5-2-00_    _7:00 pm_

2) LANGUAGE(S) SPOKEN:  _SPANISH_

3) OFFENSE(S) CHARGED:  _18 USC 1029 (a)(2) & 18 USC 1029 (b)(2)_

4) U. S. CITIZEN  [ ] YES   [X] NO   [ ] UNKNOWN

5) DATE OF BIRTH:  _12-13-66_

6) TYPE OF CHARGING DOCUMENT: (CHECK ONE)
   [ ] INDICTMENT      [ ] COMPLAINT TO BE FILED/ALREADY FILED
   [ ] BENCH WARRANT FOR FAILURE TO APPEAR
   [ ] PROBATION VIOLATION WARRANT
   [ ] PAROLE VIOLATION WARRANT

   CASE # _____

   ORIGINATING DISTRICT:  _SOUTHERN DISTRICT OF FLORIDA_

   _____ [X]

7) AMOUNT OF BAIL

8) _____ Luis FLORES _____  _5-2-00_

9) _____ USSS _____  _305-629-1800_

_3/
caf_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          ) CASE #  00-5/0/-CRS

VS.                               REPORT COMMENCING CRIMINAL ACTION

COLMENARES, CARLOS R.  PRISONER # 53757 004

*************************************************************
TO CLERK'S OFFICE, UNITED STATES DISTRICT COURT: (CIRCLE ONE)

MIAMI    FT. LAUDERDALE   (WEST PALM BEACH)   FT. PIERCE

(CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATE COURT)
*************************************************************

ALL ITEMS ARE TO BE COMPLETED. INFORMATION NOT APPLICABLE OR
UNKNOWN TO BE INDICATED BY "N/A"

1) DATE AND TIME OF ARREST: 5-2-00   7:00pm

2) LANGUAGE(S) SPOKEN:  SPANISH

3) OFFENSE(S) CHARGED:  18 USC 1029 (a)(5) & 18 USC 1029 (b)(2)

4) U. S. CITIZEN [ ] YES  [X] NO  [ ] UNKNOWN:

5) DATE OF BIRTH:  11-2-73

6) TYPE OF CHARGING DOCUMENT: (CHECK ONE)
   [ ] INDICTMENT      [ ] COMPLAINT TO BE FILED/ALREADY FILED
   [ ] BENCH WARRANT FOR FAILURE TO APPEAR
   [ ] PROBATION VIOLATION WARRANT
   [ ] PAROLE VIOLATION WARRANT

   CASE #

   ORIGINATING DISTRICT:  Southern District of Florida

   COPY OF WARRANT                          x

7) AMOUNT OF BOND:

8) NAME OF ARRESTING OFFICER:  Louis Flores        5-2-00

9) AGENCY:  USSS                            305-629-1800

10) PHONE:

AO 31 (Rev. 5/85) Criminal Complaint

# United States District Court

SOUTHERN **DISTRICT OF** FLORIDA

UNITED STATES OF AMERICA

V.

CARLOS COLMEMARES and
RICHARD GUTIEREZ

## **CRIMINAL COMPLAINT**

CASE NUMBER: $\mathcal{C}\mathcal{C} - \sqrt{7} \mathcal{G} \mathcal{7} - \mathcal{L} \mathcal{K} \mathcal{T}$

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my

knowledge and belief. On or about _____ May 3, 2000 _____ in _____ Broward _____ county, in the

Southern _____ District of _____ Florida _____ defendant(s) did, (Track Statutory Language of Offense)

knowingly combine, conspire and confederate with each other and others known and unknown, to knowingly and with the
intent to defraud, traffic in and used one or more unauthorized access devices during a one-year period, and by such
conduct, obtained things of value aggregating $1,000 or more

in violation of Title ____ 18 ____ United States Code, Section(s) _____ 1029(2) & 1029(a)(2) _____.

I further state that I am a(n) _____ Special Agent, Secret Service _____ and that this complaint is based on the following

Official Title

facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

5-4-0                                                      at                West Palm Beach, Florida
_____                                         _____
Date                                                                        City and State

LINNEA R. JOHNSON
CHIEF UNITED STATES MAGISTRATE JUDGE                         _____
Name & Title of Judicial Officer                                        Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

I, Mark Gallick, being duly sworn, depose and state:

1. I am a Special Agent with the United States Secret Service (USSS), Miami Field Office, and have been so employed since May 1999. My duties include investigating the fraudulent use of access devices.

2. I submit this affidavit based upon information known to me personally from this investigation, as well as information provided to me by others who have investigated this matter or have personal knowledge of the facts herein. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a complaint and arrest warrant, it does not include all details concerning the investigation of CARLOS R. COLMENARES and RICHARD GUTIERREZ.

3. On January 26, 2000, a Senior Corporate Investigator with NCR Corporate Security, notified the USSS Miami Field Office of a recently detected fraudulent scheme to unlawfully obtain money from automated teller machines (ATM's) without debiting the balance of the account accessed. The investigation conducted by the USSS revealed that on or about December 28, 1999, and continuing through on or about April 3, 2000, unlawful withdrawals totaling approximately thirty thousand dollars ($30,000.00) were made at ATM's located in different branches of Fleet Bank, Jamaica Savings Bank, Wachovia Bank, Barnett Bank, Citibank, and Washington Mutual Bank . These branches are located in Florida, New York, New Jersey and South Carolina. All of these banks are financial institutions insured by the Federal Deposit Insurance Corporation (FDIC).

4. Fictitious bank accounts were opened as a means to conduct the fraudulent activity. Paul Cordoba was identified as a person who opened at least one fraudulent account. On January 26, 2000, Cordoba was located at his residence. Cordoba was transported to the Miami Field Office for an interview. During the interview, Cordoba stated that he and other Venezuelans opened bank

accounts for the sole purpose of gaining access to ATM cards. Cordoba stated that he was paid to drive the other Venezuelans to various ATM's over a six-month period in order to defraud ATM's.

5. NCR Corporate Security provided the USSS with videotapes and still photographs of fraudulent activity, which occurred on October 16, 2000 at Citibank; December 3, 1999 at Fleet Bank and March 16, 2000 at Fleet Bank. The video and photographs showed COLMENARES. On the video and photographs, COLMENARES can be seen manipulating automated teller machines and using pliers and screwdrivers to retrieve money from ATM's.

6. On May 2, 2000, NCR Corporate Security provided the USSS with information concerning the current use of fraudulent ATM accounts at Wachovia Banks in Broward County. On the same date, surveillance was conducted at several Wachovia Banks. Special Agent Luis Flores was conducting surveillance the Wachovia Bank ATM on Hallandale Beach Blvd., Pembroke Park, Florida. While conducting surveillance at a Wachovia Bank, Special Agent Luis Flores recognized COLMENARES from photographs obtained from previous fraudulent ATM transactions. COLMENARES and GUTIERREZ were detained and interviewed at the USSS Miami Field Office. Both, COLMENARES and GUTIERREZ, volunteered statements admitting their involvement to fraudulently remove monies from ATM's.

7. COLMENARES' confession reflects his acknowledgement that his monetary gain exceeded $1000 over the past year. COLMENARES stated that he conspired with others to carry out the fraud scheme to fraudulently remove monies from ATM machines.

8. GUTIERREZ'S confession reflects his acknowledgement that his monetary gain exceeded $1000 over the past year. GUTIERREZ stated that he conspired with others to carry out the fraud scheme to fraudulently remove monies from ATM machines.

9. Based upon the foregoing facts, your affiant asserts that there is probable cause to believe

that CARLOS R. COLMENARES and RICHARD GUTIERREZ did knowingly conspire in a

scheme to defraud financial institutions. all in violation of Title 18, United States Code, Sections

1029(2) and 1029(b)(2).

Further your affiant sayeth naught.

Special Agent Mark Gallick
United States Secret Service


Subscribed and sworn to before me
this 4rd day of May, 2000.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE